## Wrona v. Helmick

*Richard H. Wix*, for plaintiffs.
*R. Hart Beaver*, for defendant.

WICKERSHAM, *J.*, May 10, 1978—Plaintiffs brought suit in trespass against defendant Dr. Helmick, alleging that he was guilty of medical malpractice. At the conclusion of an eight-day trial, the jury returned a verdict in favor of defendant.[1] Thereafter, plaintiffs filed a motion for new trial, alleging that the court erred in affirming and reading to the jury certain points for charge submitted

---

1. Trial before Judge Richard B. Wickersham and jury commencing September 12, 1977; Richard H. Wix, Esq. and Bernadette Barattini, Esq. for plaintiffs; R. Hart Beaver, Esq. for defendant Dr. Helmick; Joseph P. Hafer, Esq., for defendant Allergen.

by defendant. Defendant filed an answer to plaintiffs' motion, denying that the instructions were in error. Plaintiffs next filed a petition to argue the motion for new trial without a transcript. Defendant duly responded by filing an answer to plaintiffs' petition in which the propriety of argument before the court en banc on a motion for new trial without benefit of the transcript was challenged.[2]

## ISSUE PRESENTED

The issue before the court is: 1. Whether the moving party who alleges as a basis for new trial that the trial court erred in its instructions to the jury must furnish the court en banc with a transcript of the entire proceedings, or; 2. Whether it is permissible for the moving party to merely transcribe the charge of the court and only so much of the other parts of the record as the moving party deems necessary to support its motion for new trial?

## DISCUSSION

In the instant case, the foundation for plaintiffs' motion for new trial rests upon their contention that the court erred in instructing the jury on three points for charge submitted by defendant. The three instructions complained of stand for the proposition that the standard of care required of a physician in a medical malpractice case must be established by expert medical testimony. It is plaintiffs'

2. The court held an in-chambers discussion on this matter on February 1, 1977; Richard H. Wix, Esq. for plaintiffs and R. Hart Beaver, Esq. for defendant Dr. Helmick.

position that the only issue presented by its post-trial motion is whether plaintiffs produced sufficient evidence from which a jury could determine a standard of care *without* the necessity of expert testimony. Thus, plaintiffs argue that only the charge of the court and so much of the other parts of the record as they deem necessary to support their motion should be transcribed. In other words, plaintiffs are requesting that they be required to furnish the court en banc with only a partial transcript for argument purposes.

Defendant, on the other hand, argues that the customary procedure in this situation is for the moving party to provide a transcript of the entire proceedings. Otherwise, the court en banc would be unable to reach an intelligent decision as to the issue raised by plaintiffs' motion for new trial.

## THE LAW

According to one reliable source, where errors in the charge of the court are assigned as reasons for a new trial, the court should be furnished with a transcript of the record complained of: 6A Standard Pa. Prac., §69, 89, 92. See also: Hardy & Harman v. Pittsburgh Electric Furnace Co., 64 Pitts. L.J. 641 (1916). Additionally, it has been said that the court will not assume that there was an error in the charge of the court where counsel who makes the motion fails to furnish the court with a transcript of the record taken at trial: 6A Standard Pa. Prac., §109, 158. See also: Miller v. Mutual of Omaha Ins. Co., 62 D. & C. 2d 557 (1973).

Thus, in Hollander v. Dawson Construction Co., 66 Pitts. L.J. 97 (1917), plaintiff had recovered monetary damages for destruction of his automobile which occurred as a result of defendant's

negligence. On defendant's motion for new trial, he alleged that the charge of the court was erroneous in several respects. The court was never given a transcript of the proceedings or the charge to the jury; in refusing the defendant's motion, the court reasoned: "We assume that had counsel intended to rely upon any of the foregoing reasons, based upon the testimony or the charge of the Court, a transcript both of the testimony and the charge, would have been furnished to us." Hollander v. Dawson Construction Co., supra at p. 98.

This reasoning was applied in a similar situation in a later case, Sudetic v. Willard Co., 108 Pitts. L.J. 110 (1959), in which the court held that on post-trial motions assigning as reasons that the verdict was against the charge of the court, the weight of the evidence and the law, the post-trial motion will be refused where the court is not provided with a transcript.

Finally, in Gallo v. Minsky et al., 114 Pitts. L.J. 21 (1965), it was held that failure to provide a transcript of the testimony and charge of the court seriously impairs the court en banc in appraising the moving party's argument.

## CONCLUSION

We find that plaintiffs have cited no authority for their contention that only a partial transcript should be furnished to the court en banc for purposes of arguing their motion for new trial. Indeed, case law in Pennsylvania weighs heavily in defendant's favor. Due to the fact that this was a rather long and complex medical malpractice case, lasting approximately eight days, we are of the

opinion that under all the circumstances, plaintiffs should furnish the court en banc with a transcript of the entire record.

## ORDER

And now, May 10, 1978, plaintiffs' petition to argue their motion for new trial without a transcript is denied.